**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, | **:** | CIVIL ACTION NO.: |
| | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | |
| ENDURANCE ASSURANCE | **:** | |
| CORPORATION, | **:** | |
| Defendant. | **:** | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, The Phoenix Insurance Company ("Phoenix"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendant, Endurance Assurance Corporation ("Endurance") alleges as follows:

## NATURE OF THE ACTION

1.      Phoenix is providing a defense to AKA Management I, LLC (erroneously plead as Korman Communities GP, I, LLC) ("AKA") in an underlying personal injury action filed by Genevieve Dion and her husband in the Philadelphia Court of Common Pleas, Case No. 240203321 (the "Underlying Action").

2.       In the instant action, Phoenix seeks a declaration that Endurance is obligated to defend and to indemnify AKA in the Underlying Action, as an insured under the policy of insurance issued by Endurance, on a primary, non-contributory basis, and that Phoenix is entitled to judgment for all defense and indemnity costs incurred on behalf of AKA in said action.

## THE PARTIES

3.      At all times relevant hereto, Phoenix was and is a corporation organized and

existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4.     Upon information and belief, at all times relevant hereto, Endurance was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4 Manhattanville Road, Purchase, New York 10577.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.     In the Underlying Action, Genevieve Dion ("Claimant") seeks recovery for an alleged slip and fall at a pool area located at 2929 Walnut Street, Philadelphia, Pennsylvania (the "Property"). (*See* Exhibit A).

7.     Claimant alleges "serious personal injuries to her wrist including put [sic] not limited to right intra-articular distal radius facture" and other injuries which have caused great pain and agony, a deprivation of her normal mode of living and a loss of earnings" in a sum in excess of Fifty Thousand ($50,000). (*Id.*).

8.     Claimant's husband has also filed a loss of consortium claim seeking damages in a sum in excess of Fifty Thousand ($50,000). (*Id.*).

9.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

10.     An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Endurance.

11.     Phoenix has no adequate remedy at law.

## THE RELEVANT POLICIES

12.    Endurance issued a general liability insurance policy to, among others, Brandywine Circa Walnut I, L.P. ("Brandywine") bearing policy number GGR30000534001 for the policy period June 30, 2022 to June 30, 2023 (the "Endurance Policy"). (*See* Exhibit B).

13.    Subject to certain terms, conditions, and exclusions, the Endurance Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14.    The Endurance Policy contains an Additional Insured – Managers or Lessors of Premises Endorsement, which provides coverage to Managers of Buildings owned by the named insured, Brandywine. It extends cove rage to:

> Any person or organization that is a Managers or Lessors of Premises where you are obligated pursuant to a written contract or agreement executed prior to a loss to provide such insurance as is afforded by this policy.

(*See* Exhibit B, Endurance Policy, page 48 of 132).

15.    Phoenix issued a Commercial General Liability Policy to AKA bearing policy number Y-660-9N969442-PHX-21 with a policy period from October 1, 2021 to October 1, 2022 (the "Phoenix Policy"). (*See* Exhibit C).

16.    Subject to certain terms, conditions, and exclusions, the Phoenix Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17.    The Phoenix Policy contains excess an "other insurance" provision under the Real Estate Property Managed Endorsement, which provides that coverage under the Phoenix Policy is excess over any other coverage available where AKA's liability arises out of its management of

3

the property where it is acting as a real estate manager, such as here. (*See* Exhibit C, Real Estate

Property Managed Endorsement, at 4. Other Insurance).

## BACKGROUND FACTS

18.     Brandywine is the owner of the Property and AKA is the Manager of the Property.

19.     Brandywine and AKA entered into a Property Management Agreement

("Agreement") dated September 12, 2014, wherein Brandywine retained AKA to serve as the

Manager of the Property at issue. (*See* Exhibit D).

20.     Pursuant to that Agreement, Brandywine was required to obtain insurance naming

the Manager, AKA, as an additional insured.  It provides in pertinent part:

    **4.2**   **Insurance.**

        (a)   Owner's Insurance.   Owner shall carrier commercial general
        liability insurance and other such insurance, as Owner deems
        necessary for the protection of Owner's interests. Policies of
        commercial general liability insurance carried by Owner, if
        any, shall include Manager as additional insured, only in
        Manager's capacity as Manager of the Property, and any other
        additional insureds as reasonably requested by the Owner (to
        the extent available).

    (*See* Exhibit D).

21.     Brandywine further agreed to indemnify, defend and hold harmless AKA as

follows:

    **5.3**   **Indemnity.**

        (a) Owner hereby agrees to indemnify, defend and hold harmless
        Manager from any cost, loss, damage or expense (including
        but not limited to reasonable attorneys' fees and
        disbursements) resulting from Manager's performance of its
        duties and obligations in accordance with this Agreement
        and in a manner that does not constitute a breach of Due
        Care.

    (*See id.*).

22.     As set forth above, Brandywine obtained such insurance with Endurance,

23.     In the Underlying Action, Claimant alleges that on or about September 20, 2022, she slipped and fell on y slippery pool deck located at the Property and sustained serious injuries, including a right distal radius fracture.

24.     Phoenix is defending AKA in connection with the Underlying Action.

25.     In the Underlying Action, Claimant seeks to impose liability on AKA for alleged bodily injury which arose out of the AKA's management of the Property.

## TENDERS TO ENDURANCE

26.     By correspondence dated April 4, 2025, Phoenix tendered the defense and indemnity of AKA to the Brandywine and Endurance. (*See* Exhibit E).

27.     Endurance failed to accept the tender and undertake the defense and indemnity of AKA.

28.     In November 2025, Phoenix renewed its tender to Endurance. (*See* Exhibit F).

29.     Endurance failed to accept Phoenix's renewed tender.

30.     Endurance has refused to provide additional insured coverage to AKA under the Endurance Policy.

31.     Endurance has refused to provide a defense to AKA under the Endurance Policy.

32.     To date, Phoenix has incurred defense costs in the amount of $29,892.89.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

33.     Phoenix repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34.     AKA qualifies as an additional insured under the Endurance Policy.

35.     The coverages provided to AKA under the Endurance Policy are primary and non-

contributory to any coverage provided by the Phoenix Policy.

36.     Accordingly, Phoenix seeks a declaration that Endurance has an obligation to defend and indemnify AKA as an additional insured under the Endurance Policy; that the coverages provided by the Endurance Policy to AKA are primary; and that the obligations of Phoenix to AKA in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Endurance Policy.

37.     In addition, Phoenix seeks an award at law and in equity against Endurance for recovery of all sums Phoenix has paid and continues to pay in the defense of AKA in the Underlying Action because the coverages provided by the Endurance Policy are primary to any coverage provided by Phoenix.

**WHEREFORE**, Plaintiff Phoenix respectfully requests that this Court issue judgment as follows:

1.     Declaring that AKA is an insured under the Endurance Policy to whom Endurance owes coverage with respect to the Underlying Action;

2.     Declaring that Endurance has a duty to defend AKA in the Underlying Action up to and including the respective policy limits of the Endurance Policy;

3.     Declaring that all coverage owed by Endurance to AKA with respect to the Underlying Action is primary to any coverage provided by Phoenix to AKA;

4.     Declaring that the obligations of Endurance to AKA with respect to the Underlying Action are primary to any obligations of Phoenix to AKA;

5.     Declaring that the obligations of Phoenix to AKA in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Endurance Policy by means of a verdict, judgment, or settlement;

6.      Awarding judgment against Endurance in an amount equal to the sums that Phoenix incurred and continues to incur in defending the claims against AKA in the Underlying Action;

7.      Awarding judgment against Endurance in an amount equal to any sums that Phoenix may incur to resolve the claims and indemnify AKA in the Underlying Action;

8.      Granting an award in favor of Phoenix for the costs of suit incurred herein; and

9.      Granting such other and further relief as the Court may deem just and proper.


Dated:  December 5, 2025

                                         **USERY & ASSOCIATES**

                                      By:___*/s/ Lisa J. Trembly*_____
                                         Lisa J. Trembly
                                         Tel: 973.631.3265
                                         Fax: 844.571.3789
                                         Email: ltrembly@Phoenix.com

                                         Please address all correspondence sent by mail to:
                                         P.O. Box 2996
                                       Hartford, CT 06104-2996

                                         Physical Address:
                                         445 South Street, Suite 300
                                         Morristown, NJ 07960

                                         *Attorneys for Plaintiff, The Phoenix Insurance Company*